IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES EDWARD FOX,

    Petitioner,

v.                                           Civil action no. 3:03CV81
                                            Criminal action no. 3:02CR32

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM, OPINION, AND REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On December 17, 2003, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and an Application to Proceed *In Forma Pauperis*. By Order entered on December 31, 2003, the Court ordered the Government to answer the § 2255 motion. On February 20, 2004, the respondent filed Response of the United States to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On January 29, 2004, the petitioner filed a Traverse to the Government's response.

Thus, this matter which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### A. Conviction and Sentence

On September 27, 2002, the petitioner signed a plea agreement in which he agreed to plead guilty to possession with the intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 4) and brandish and discharge of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(Count 5). The plea agreement provided

that the petitioner faced a statutory maximum sentence of 20 years on Count 4 and a statutory minimum sentence of 10 years on Count 5 to run consecutively to the sentence imposed on Count 4. The petitioner waived his right to appeal his sentence or collaterally attack his sentence.

At the plea hearing held on September 27, 2002, the petitioner, in open Court, entered a plea of guilty to Counts 4 and 5. On December 17, 2002, the petitioner appeared before the Court for sentencing. The Court found a total offense level of 15, a criminal history category of V, a guideline range on Count 4 of 37-46 months, and a mandatory 120 month consecutive sentence for Count 5. The Court sentenced the petitioner to 40 months imprisonment on Count 4 and 120 months on Count 5 to run consecutively for a total term of 160 months. The petitioner did not appeal his conviction and sentence.

## B. Federal Habeas Corpus

### The Petitioner's Contentions

Ineffective assistance of counsel due to inducement of plea of guilty based upon the consequences of the plea.

Counsel permitted Petitioner to plead guilty without explication of the Guidelines relevant thereto to CHC enhancements thereto ¶¶ 54 and 61 of the PSR. Counsel failed to expound on subsections (ii) and (iii) thereof 18 U.S.C. § 924(c)(1)(A), inducing Petitioner to plead guilty under the expectation of a five year sentence relevant to subsection (i). Counsel's advisement hereto the aforementioned deprived Petitioner of a voluntary and knowing plea relevant to the consequences thereof.[1]

### Government's Contentions

---

[1] It appears to the undersigned that the petitioner is claiming that his counsel was ineffective for failing to adequately explain that juvenile sentences could be used to determine his sentence, for failing to object to the inclusion of the juvenile criminal history, and for failing to advise of a 10 year sentence on Count 5. And, because of the ineffective assistance he received, his plea was involuntary.

2

(1) The petitioner's § 2255 motion should be denied as being barred by the waiver contained in the plea agreement.

(2) The petitioner's plea was voluntary.

(3) The petitioner was not provided ineffective assistance of counsel.

## C. Recommendation

Upon reviewing the record, I recommend that the petitioner's § 2255 motion be denied because his claims are without merit.

## II. ANALYSIS

### A. Waiver

Waiver of appellate rights in a plea agreement is generally valid. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Likewise, "[w]aiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). See also United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) and Butler v. United States, 173 F. Supp. 2d 489 (E.D. Va. 2001). The Fourth Circuit has not addressed waiver of the right to collaterally attack a sentence but has held regarding the waiver of the right to appeal that certain claims are excepted from the waiver. Specifically, claims of sentences in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor, United States v. Marin, 961 F.2d 493 (4th Cir.1992), claims for ineffective assistance of counsel during the plea or following entry of the plea, and claims challenging the voluntariness of the plea are not barred by the waiver. Attar, 38 F. 3d at 731-33. See also Butler, 173 F. Supp. 2d at 494.

3

Thus, the petitioner's claims of ineffective assistance of counsel and involuntary plea are not barred by the waiver and the merits of his claims will be addressed herein.

## B. Ineffective Assistance of Counsel

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985).

The petitioner asserts that his plea was involuntary because his attorney was ineffective in that he gave him incorrect information regarding the sentence he faced. According to the petitioner, his attorney advised him that he would be sentenced to 5 years under 18 U.S.C. § 924(c)(1)(A)(i) when he was actually sentenced to 10 years under § 924(c)(1)(A)(iii), and his attorney did not adequately explain that his juvenile criminal history would be used to determine his criminal history category. The petitioner also asserts that his attorney was ineffective for failing to object to two juvenile convictions being used to determine his criminal history category.

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for

4

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

In evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Additionally, a defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

The petitioner has not alleged that there is a reasonable probability that he would have not pled guilty and insisted on proceeding to trial. Thus, he has failed to meet the Hill v. Lockhart standard.

The petitioner has also failed to meet the Strickland standard. Even if the petitioner's counsel advised the petitioner that he would be sentenced to 5 years imprisonment on Count 5, the plea agreement clearly provided that the petitioner faced a ten- year minimum sentence on Count 5. The petitioner advised the Court during his plea hearing, while under oath, that he is able to read, write and understand the English language. He also testified that he had reviewed the plea agreement in detail with his lawyer, and that he understood and agreed with the terms and conditions of the plea agreement. Further, the petitioner stated that he understood the consequences

5

of the plea.

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir.), cert. denied, 506 U.S. 885 (1992). And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." United States v. Lambey, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Moreover, the Court advised the petitioner that his plea to Count 5 would subject him to a mandatory ten year sentence. The petitioner testified that he was aware of the ten-year penalty and never advised the Court that his counsel had advised him differently.

[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert denied, 513 U.S. 1060 (1994). "'Mis-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citing United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)). Thus, the petitioner's claim regarding ineffective assistance of counsel regarding Count 5 is without merit.

The petitioner also asserts that his attorney was ineffective for failing to explain the impact of his juvenile criminal history and failing to object to the inclusion of the juvenile offense in his

criminal history calculation.

With regard to the petitioner's allegation that his attorney did not explain the impact of his juvenile criminal history, the petitioner only makes a conclusory statement without providing the Court with any information regarding the discussions he had with his attorney regarding his juvenile convictions. Thus, this claim is insufficiently pled.

With regard to the petitioner's assertion that his attorney failed to object to the criminal history calculation, the petitioner asserts that his attorney should have objected to the addition of two criminal history points for his conviction of assault on March 18, 1994, and one criminal history point for a DUI conviction on January 2, 1999.

U.S.S.G. § 4A1.2(d) provides as follows:

**(d) Offenses Committed Prior to Age Eighteen**

**(1)** If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.

**(2)** In any other case,

**(A)** add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

**(B)** add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

As a result of the March 18, 1994 conviction, the petitioner was placed on indefinite probation. On June 19, 1995, the petitioner violated probation, and his sentence of confinement was suspended and he was again placed on indefinite supervised probation. On February 7, 1996,

the petitioner was found guilty of violating the conditions of his probation for a second time and was sentenced to confinement at the Oak Hill House. He was released on January 7, 1997.

The petitioner asserts that his attorney should have objected to the use of the 1994 conviction to determine his criminal history because such was outside the 5 year period. The petitioner's counsel was not ineffective for failing to object to this conviction being included in the petitioner's criminal history because the instant offense, which occurred on December 10, 2001, was within five years of his January 7, 1997, release from incarceration.

With regard to the petitioner's DUI conviction, he was sentenced to a one-year Driver Monitor Program. The petitioner contends that such sentence should not count towards his criminal history because such is a diversionary program under U.S.S.G. § 4A1.2(f). This section provides as follows:

### (f) Diversionary Dispositions

Diversion from the judicial process without a finding of guilt (**e.g.,** deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of **nolo contendere,** in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

The respondent contends because the petitioner's DUI conviction resulted from a finding of guilt, and he was placed on 12 months probation, it is not a diversionary disposition.

"The Sentencing Guidelines do not define the term 'diversionary disposition.' The general concept of a diversion is a criminal disposition without a conviction. The disposition is normally conditioned on the performance of certain obligations or the participation in counseling programs. If the defendant does not meet these obligations, he is subject to prosecution on the original charges. See 4 Wayne R. LaFave et al., *Criminal Procedure* § 13.1(d), at 8 (2d ed.1999)." United States v. v. Henry, 232 F.3d 891, 2000 WL 1535961, **2 (4th Cir. 2000).

The petitioner does not dispute that he was convicted of DUI, but asserts that he was sentenced to a Drinking Driver Monitor Program which is not an institution of imprisonment and thus, he was subject to "deferred prosecution." The fact that the petitioner received no prison time has no bearing on whether the offense is to be counted regarding his criminal history. See United States v. Halsey, 64 F.3d 660, 1995 WL 477989, *2 (4th 1995). Instead, because he was found guilty of DUI, the conviction is properly counted.

Therefore, there was no basis for the petitioner's counsel to object to the juvenile convictions. Thus, the petitioner's attorney did not acted unreasonably in failing to object to his criminal history points and this claim is without merit.

### III. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion. It is further recommended that the Court deny his motion to proceed in forma pauperis because there is no filing fee for a § 2255 action.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

9

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: March 3, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE